UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KENNETH GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:23-CV-125-HAB |
| | ) | |
| MONICA GRIER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff has filed a Civil Complaint (ECF No. 1) and a motion to proceed *in forma pauperis* (ECF No. 2). Plaintiff alleges, generally, that Defendant wrongfully evicted him from his trailer home in breach of a contract between the two. There is much more in the Complaint—it totals 68 pages with attachments—but for the Court's purposes the single-sentence summation above is enough.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Federal district courts are not courts of general jurisdiction. Instead, Plaintiff must establish either diversity or federal question jurisdiction. *Minor v. Prudential Securities, Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996). Plaintiff alleges that both he and Defendant live in Fort Wayne, Indiana, so no diversity jurisdiction exists. And Plaintiff's breach of contract action does not invoke federal question jurisdiction. *Id*. ("federal question jurisdiction arises only when the complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (quotations omitted). The Complaint, then, fails to establish a basis for federal jurisdiction.

The only remaining question is whether Plaintiff will be given the opportunity to replead. The Court generally grants pro se claimants at least one chance to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). But in this case the Court sees no way that the soap opera contained within Plaintiff's filing could ever form the basis for a federal claim. This case will be dismissed.

For these reasons, this case is DISMISSED.

SO ORDERED on March 28, 2023.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT